# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL JOSEPH SEILER (16),<br><br>    Defendant. | Case No. 10CR5016-H<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2) |

On November 22, 2017, Defendant Daniel Joseph Seiler ("Defendant") filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") as promulgated by the United States Sentencing Commission. (Doc. No. 1619.)

The Court turns to the applicable Guideline language and law to evaluate the motion for a sentence reduction under § 3582(c)(2). U.S.S.G. § 1B1.10(b)(1) (Nov. 1, 2016) provides that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect

at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.[1]

But "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A) (Nov. 1, 2016). The commentary to § 1B1.10 clarifies that the "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10 cmt. n.1(A) (Nov. 1, 2016).

An exception exists under U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 1, 2016) if a defendant was sentenced below the Guideline range pursuant to a government motion reflecting a defendant's substantial assistance under U.S.S.G. § 5K1.1 (at the time of sentencing) or under Fed. R. Crim. P. 35(b) (post-sentencing).

In <u>Dillon v. United States</u>, 560 U.S. 817, 827 (2010), the Supreme Court explained the limited nature of § 3582(c)(2) proceedings and the process for ruling on motions to reduce sentences under that section.

> Consistent with the limited nature of §3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U. S. C. §3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment

---

[1] Amendment 782 to the U.S.S.G. was added to subsection (d), making the application of Amendment 782 retroactive to sentences imposed prior to its promulgation by the Sentencing Commission. U.S.S.G. § 1B1.10(d) (Nov. 1, 2016).

below the Guidelines range does §1B1.10 authorize a court proceeding under §3582(c)(2) to impose a term "comparably" below the amended range. §1B1.10(b)(2)(B).

In <u>Dillon</u>, the Supreme Court required district courts to follow a two-step process in ruling on motions under § 3582(c)(2). The Supreme Court cautioned that "[f]ollowing this two-step approach, a district court proceeding under §3582(c)(2) does not impose a new sentence in the usual sense." <u>Id</u>. Furthermore, "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). The two-step process provided by <u>Dillon</u>, <u>Id</u>., is as follows:

> At step one, §3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."
>
> At step two of the inquiry, §3582(c)(2) instructs a court to consider any applicable §3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to §3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under §3582(c)(2) into plenary resentencing proceedings.

The district court's discretion at step two is limited. <u>Freeman v. United States</u> 564 U.S. 522, 531 (2011) (Noting that "[t]he binding policy statement governing §3582(c)(2) motions places considerable limits on district court discretion"). In <u>Freeman</u>, the Supreme Court further explained that "[i]n an initial sentencing hearing,

-3-

a district court can vary below the Guidelines; but, by contrast, below-Guidelines modifications in §3582(c)(2) proceedings are forbidden, USSG §1B1.10(b)(2)(A), except where the original sentence was itself a downward departure [pursuant to] §1B1.10(b)(2)(B)." Id. As a result, this Court is not permitted to engage in a de novo resentencing in a § 3582(c)(2) proceeding and therefore cannot grant the same departures or variances granted at the initial sentencing hearing, unless that departure was granted pursuant to a government's motion for substantial assistance as defined by the Guidelines.

In light of the guidance provided by the Supreme Court, the Ninth Circuit recognized the limitation in § 1B1.10(b)(2)(A). United States v. Davis, 739 F.3d 1222, 1226 (9th Cir. 2014) (Noting that "[a]lthough the Commission crafted § 1B1.10(b), it is Congress that has made policy statements available as a general matter and binding on the courts"). See also United States v. Pleasant, 704 F.3d. 808, 812 (9th Cir. 2013) (Noting that the commentary to § 1B1.10 "was added to resolve a circuit split that had arisen over whether a defendant's 'applicable guideline range' should be derived before or after the application of a departure or variance" and clarifying that the amended Guideline range "is derived pre-departure and pre-variance"). This limitation also applies to criminal history departures under U.S.S.G. § 4A1.3 (Nov. 1, 2016). United States v. Ornelas, 825 F.3d 548, 555 (9th Cir. 2016) ("[W]e conclude that for purposes of determining a defendant's eligibility for a sentence reduction under § 3582(c) and § 1B1.10, a court must calculate the guideline range applicable to the defendant before considering any departure, including a departure under § 4A1.3.").

With the legal framework in mind, the Court turns to its application to the Defendant's motion in this case. At the time of sentencing the Court found the total offense level be a level 29 with a criminal history category level IV. The Court then departed two levels under United States v. Cook, 938 F.2d 149 (9th Cir. 1991) and Koon v. United States, 518 U.S. 81 (1996) for a combination of factors under U.S.S.G § 5K2.0, resulting at an offense level of 27. Additionally, the Court granted a criminal

history category departure from a level IV to a level III under U.S.S.G. § 4A1.3, resulting is a below-guideline range of 87 to 108 months. The Court imposed a custodial sentence of 87 months, the low end of the below-guideline range. No departures were granted pursuant to a government motion reflecting a defendant's substantial assistance under § 5K1.1 or under Fed. R. Crim. P. 35(b) in this matter. Under Amendment 782 with the limitations of U.S.S.G § 1B1.10(b), the total offense level would be a level 27 with a criminal history category of IV, resulting in an amended Guideline range for the term of imprisonment of 100 to 125 months. The Defendant's original sentence of 87 months with the <u>Cook</u> and <u>Koon</u> departure and the criminal history departure under U.S.S.G. § 4A1.3 is below the amended Guideline range. As a result of the limitation in § 1B1.10(b)(2)(A), the Defendant is not entitled to a reduction of his sentence. Additionally, the Court declines to reduce the Defendant's sentence as a discretionary matter in light of the facts of this case. Accordingly, the Court DENIES the Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[2]

IT IS SO ORDERED.

DATED: January 19, 2018

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

---

[2] The Court denies the Defendant's motion based on the limitation in § 1B1.10(b)(2)(A). The Sentencing Commission has the authority to amend the limitation to allow the Court to consider departures and variances (other than a departure based on a government motion reflecting a defendant's substantial assistance) in a § 3582(c)(2) proceeding should the Sentencing Commission elect to do so.